UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOHN E. CULLEN, | ) | |
| (Social Security No. XXX-XX-5654), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:14-cv-59-WGH-RLY |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S EAJA MOTION FOR AWARD OF
ATTORNEY'S FEES**

This matter is before me, William G. Hussmann, Jr., United States

Magistrate Judge, by Consent of the Parties, Filing No. 11, and on the Order of

Reference issued by District Judge Richard L. Young on October 1, 2014. Filing

No. 15.

On September 28, 2015, Plaintiff moved for an award of attorney's fees

under the Equal Access to Justice Act. 28 USC § 2412. Filing No. 40. The

matter is fully briefed. Filing No. 40, Filing No. 47, Filing No. 48. The Court,

having considered the motion, the parties' filings, and relevant law, and being

duly advised, hereby **GRANTS IN PART** the motion.

I.     **Background**

Plaintiff filed applications for Disability Insurance Benefits and Social

Security Insurance benefits in November 2012, alleging disability beginning on

May 15, 2012. Filing No. 24 at EFC p. 1. Plaintiff was 48 years old at the

alleged onset date. *Id.* at EFC p. 2. His claim was initially denied on February

27, 2013. *Id.* at EFC p. 1. Plaintiff timely filed a Request for Hearing. *Id.*

Thereafter, Plaintiff appeared and testified before Administrative Law Judge

(ALJ) Michael Nichols seated in Louisville, Kentucky on October 28, 2013. *Id.*

On November 22, 2013, ALJ Nichols issued an unfavorable decision. *Id.* at EFC

p. 1-2. The Appeals Council denied Plaintiff's claim on January 29, 2014, thus

rendering a final administrative decision by the Commissioner. *Id.*

Plaintiff then sought judicial review of the final decision of the

Commissioner of Social Security. On review, this Court found error with the

ALJ's reliance on the vocational expert's testimony and remanded the ALJ's

decision "for further consideration specifically at step five and for a review of

the credibility finding." Filing No. 38-1 at EFC p. 5.

## II.    Legal Standard for an Award of Attorney Fees

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d), allows a

Plaintiff's attorney to recover reasonable fees from the Government where:  (1)

the Plaintiff is a prevailing party; (2) the Government is not "substantially

justified" in its position; (3) no "special circumstances" make an award unjust;

and (4) the fee application is timely and supported by an itemized statement.

28 U.S.C. 2412.

The case was remanded, so I can easily say that Plaintiff was the

prevailing party. *Shalala v. Schaefer,* 509 U.S. 292, 301 (1993). There are no

special circumstances that make an award unjust in this case. The Plaintiff

has submitted a timely motion that is supported by an itemized statement. Therefore, the only real issue that needs examination is (2), whether the Government's position in defending the ALJ's decision was substantially justified.

In response to an EAJA motion for attorney fees, the Government bears the burden of proving that its position—both the ALJ's decision and the Government's defense of that decision on judicial review—was substantially justified. *Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009)* (citing *Pierce v. Underwood, 487 U.S. 552, 565 (1988)*). The Government's position is substantially justified if it has a reasonable basis in both fact and law and if there is a reasonable connection between the facts and the legal theory the Government has advanced. *Stewart, 561 F.3d at 683*.

### III.   The Substantial Justification Standard

The Government bears the burden of showing that their position was "substantially justified" according to the objective standard of whether "a reasonable person would approve," that is "justified in substance or in the main." *Pierce, 487 U.S. at 565*. To defeat an EAJA motion for fees, the Government must carry their burden on all of the following points: (1) the Government's position had a reasonable basis in truth for the facts alleged; (2) the Government's position had a reasonable basis in law for the theory propounded; and (3) a reasonable connection existed between the facts alleged and the theory propounded. *Stewart, 561 F.3d at 683*.

3

### A. I Conclude that the ALJ's Opinion was Substantially Justified When it Issued

The dispute in the case at hand focuses on the testimony of the vocational expert. The issues of fact and law here blend together. Because both are held to the same standard and because there is a relatively narrow portion of the ALJ's decision to review, the reasonableness of the ALJ's treatment of fact and law as it concerns this issue will be discussed together. Just because the Government's argument was ultimately not successful does not mean that it was per se substantially unjustified. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994). So this EAJA inquiry is distinct from the remand decision and must be decided on its own merits.

The Defendant focuses on the "substantially justified" standard as "satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." Filing No. 47 at EFC pp. 2-3 (citing *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992)). The Defendant attempts to make out that there is an "arguable ambiguity in the Seventh Circuit case law," which gives rise to such a "genuine dispute." But if we look at the language in the cases cited, it is clear that the law is not ambiguous as applied to the case at hand.

The issue in this case was whether the ALJ was entitled to rely on certain testimony of a vocational expert (VE) when that expert's testimony was not challenged by Plaintiff's counsel at the hearing before the ALJ. At the time of the ALJ's decision Circuit precedent existed on this topic in *Donahue v.*

4

*Barnhart,* 279 F.3d 441 (7th Cir. 2002). In *Donahue,*[1] the Court held that an

ALJ is entitled to rely on unchallenged VE testimony, saying:

> [w]hen no one questions the vocational expert's foundation or
> reasoning, an ALJ is entitled to accept the vocational expert's
> conclusion, even if that conclusion differs from the *Dictionary*'s. . .
> . Social Security Ruling 00–4p . . . requires the ALJ to "[e]xplain [in
> the] determination or decision how any conflict [with the
> *Dictionary*] that *has been identified* was resolved.

*Donahue,* 279 F.3d 446-47. In *Donahue,* the Court ultimately concluded that

the VE simply presented a different opinion from the *DOT,* and decided that the

ALJ was entitled to rely on that unchallenged opinion. I note that it seems

more apt in this case to say that the VE spoke in error rather than he

expressed an opinion simply different from the *DOT.*

However, I did not rely upon *Donahue* in my decision to remand this

case. While *Donahue* has not been explicitly overruled, subsequent cases show

a trend towards a different standard that puts more responsibility on the ALJ

to ensure that he relies upon correct evidence from the VE. *See e.g. Overman v.*

*Astrue,* 546 F.3d 456 (7th Cir. 2008); *Herrmann v. Colvin,* 772 F.3d 1110, 1114

(7th Cir. 2014); *Voigt v. Colvin,* 781 F.3d 871, 878 (7th Cir. 2015).

Instead, I relied upon *Herrmann* and *Viogt* in my decision. *Herrmann,* 772

F.3d 1114; *Voigt,* 781 F.3d 878. The ALJ's Decision was issued November 22,

2013. The *Herrmann* and *Viogt* cases did not issue until December 4, 2014 and

---

[1] *Donahue* involved an illiterate Plaintiff. When the ALJ in that case questioned the VE, he was
told that someone with Plaintiff's limitations could perform janitorial, assembly, and hand-
packing jobs. The ALJ accepted the VE's testimony and found that Plaintiff was capable of
working. However, as the Court discusses on review, the *Dictionary of Occupational Titles* (4th
ed. 1991) (*DOT*) says that basic literacy is needed for every job. Under the *DOT,* illiteracy bars
the ability to work any job. Therefore, the *DOT* differed from what the VE concluded. 279 F.3d
441.

March 26, 2015, respectively. Therefore, the ALJ's decision, when made, was

likely reasonable based upon the ALJ's understanding of the law as expressed

in *Donahue*, which was not clearly overruled at the time of the ALJ's decision. I

conclude that the Commissioner's decision to defend the ALJ's opinion was

substantially justified through the time of the ALJ's decision.

**B. I Conclude that the Commissioner's Decision to Continue Defending the ALJ's Opinion in District Court was Not Substantially Justified**

While *Donahue* might support the ALJ's decision sufficiently to make it

reasonable for the Defendant to defend, the law as it has now been stated in

*Herrmann* and *Viogt* eroded this reasonableness. This, in addition to the

erroneous factual statements made by the VE testimony that were made clear

in the Plaintiff's Brief on appeal, Filing No. 24, are enough to convince me that

the Government was not reasonably justified in defending the ALJ's position

once the case was appealed to District Court.

The appeal of the ALJ's decision was filed with our Court on June 24,

2014—and the Commissioner's Brief in response on April 7, 2015. Filing No.

31. Thus, the Response Brief was filed after both *Herrmann* and *Viogt* had been

decided. At this point, the reasonableness of defending the ALJ's opinion

begins to evaporate. But I also have to consider the incorrect facts presented by

the VE that the ALJ based his denial upon.

It seems plain that the VE was simply incorrect in his testimony. Early in

his examination of the VE, the ALJ told the VE "should there be any conflict

between your testimony and the material to be found in that publication

[referring to the *Dictionary of Occupational Titles* (*DOT*)] kindly identify the conflict and then resolve it, if you would, please, by citing the source of your information." Filing No. 12-2 at EFC p. 70. When the ALJ further asked the VE for jobs that were sedentary (and which allowed for certain other enumerated limitations), the VE named packer, material mover, and inspector. These were categories of jobs, not *DOT*-specified job titles. The VE is supposed to provide specific job titles. *See* SSR 82-41 ("specific occupations . . . must be cited in the State agency's determination or ALJ's decision. Evidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy should be included"). As the Plaintiff pointed out in his Brief, the job categories mentioned by the VE are not sedentary in nature, save for a very few number of inspector jobs. The VE incorrectly presented evidence and did not identify the discrepancy between his testimony and the *DOT*. Therefore, I find that the ALJ was not relying on correct evidence, and that his conclusion is not reasonably connected to the facts. *See e.g. Overman,* 546 F.3d at 463-64 ("the ALJ's affirmative duty extends beyond merely asking the VE whether his testimony is consistent with the *DOT*. . . . An ALJ is free to accept testimony from a VE that conflicts with the *DOT* when, for example, the VE's experience and knowledge in a given situation exceeds that of the *DOT*'s authors. . . . But here the VE [incorrectly] said that his testimony was *consistent* with the DOT").

This error being made clear by the Plaintiff's Brief, Filing No. 24, the Government then did not have a reasonable basis on which to defend the ALJ's opinion. Further, I find that the Government's presentation of these facts in its

7

Response Brief did not provide a truly reasonable basis for their position. Filing No. 47.

The weak legal argument concerning the ALJ's duty added to the factual issues that were made clear in the Plaintiff's Brief on appeal of the ALJ's decision make it unreasonable for the Commissioner to argue that the ALJ's decision was substantially justified. Therefore, I find that an award of attorney fees is merited after the point of time of the filing of the Plaintiff's Brief onwards. Filing No. 24.

## IV.    Amount of Attorney Fees Granted

The Plaintiff's Brief supporting his Motion for Summary Judgement was filed on January 1, 2015. Filing No. 24. From this point on, the Defendant was on notice that their position was substantially unjustified. Therefore, I award Plaintiff attorney fees from this date on. The Plaintiff's Motion for Attorney Fees includes information regarding the hours worked, the dates work was done, and what work was done on these dates, along with suggested hourly rates. Filing No. 40.

Plaintiff moves for this Court to grant an hourly rate of $186.89 for the work performed by attorneys Meredith Marcus and Scott Kane under the EAJA, representing the cost of living adjustments allowed by statute [28 U.S.C. § 2412 (d)(2) (A)(ii)] when employing the "All items" figure provided by the Midwest Consumer Price Index ("CPI"). Plaintiff also moves for this Court to grant an hourly rate of $100.00 for the paralegal work performed by David Solomonik and Pauline Lacson. The fee counsel claims for the work of his law

8

clerks is reasonable and is based on fee awards in similar cases where similar fees were contested. I find that Plaintiff convincingly supports these hourly fee figures.

Based on the data submitted by Plaintiff at Filing No. 40-2, I find 13.83 hours of eligible work by Meredith Marcus; 0 hours of eligible work by Scott Kane; 1 hour of eligible work by David Solomonik; and 0.05 hour of eligible work by Pauline Lacson. This reflects the number of hours worked by each individual after the filing of the Brief at Filing No. 24 on January 1, 2015. These hours, multiplied by the respective hourly rates discussed above, and added together, comes to a total award of Two Thousand Six Hundred Eighty-Nine Dollars and Sixty-Nine Cents ($2,689.69).

## V.    Conclusion

The Magistrate Judge, being duly advised, hereby **GRANTS IN PART** the Plaintiff's Motion and **ORDERS** an award of Two Thousand Six Hundred Eighty-Nine Dollars and Sixty-Nine Cents ($2,689.69) under the EAJA for the work performed in this case.

**SO ORDERED** the 7th day of December, 2015.

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

Served electronically on all ECF-registered counsel of record.

9